## C. D. JACKSON, ET AL., *v.* M. McDONALD'S ADM'R, ET AL.

**Liability of Indorser on Note.**

Unless an assignee of a debt sues at the first term of court after it becomes due he cannot hold his assignor liable on his implied obligation to answer for the non-payment of the debt by reason of the insolvency of the obligor.

**Liens—Assignor's Liability.**

If the assigned note is secured by a lien the assignee must obtain a personal judgment, and a return of no property found as soon as by reasonable diligence it can be done, and if he postpones his personal judgment or an effort to enforce it, if obtained, until after an enforcement of his lien by a sale of the lien property, his recourse against his assignor cannot be enforced by reason of his laches.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 22, 1877.

OPINION BY JUDGE ELLIOTT:

The facts in this case are that in 1859 M. McDonald sold some lots in Owensboro to Dear and Elliott, who executed two notes in part consideration therefore, for $500 each, one of which notes was afterward assigned to appellant, Fuqua, and the other to appellant, Jackson.

In June, 1860, and to the first term of the court after the note fell due, Fuqua brought suit against Dear and Elliott for the recovery of an ordinary judgment for that amount. By their answer, Dear and Elliott set up a defect of title in McDonald to the lots which they had purchased, and also charged that McDonald's vendor, Griffith, had a lien on the lots for a large amount of unpaid purchase money, and on their motion the suit was transferred to equity.

In September, 1863, Jackson was, on his petition for that purpose, made a defendant, and he set up his note on Dear and Elliott for $500. In 1864 the court adjudged a sale of the lots, and in 1866, after the report of sale had been confirmed and the sale money distributed, first to pay off Griffith's lien and the balance divided equally between appellants, the court struck the suit from the docket.

After crediting appellee's notes with their part of the sale money of the lots a large amount of their debts remained unpaid, and Fuqua brought suit against M. McDonald to hold him as assignor of the notes, responsible for the unpaid balance thereof.

After McDonald's death and the appointment of his administrator he was made a party, and the administrator having brought suit to

settle McDonald's estate as insolvent, Fuqua's suit was consolidated therewith. Appellant, Jackson, appeared in these suits and set up the balance of the note assigned to him by McDonald. The court below adjudged that appellants had lost their recourse against McDonald's estate as his assignees, by reason of their own laches in prosecuting their suit against the obligors of the assigned notes; and we are of opinion that the court properly refused these claims on exceptions filed by two of the creditors of the estate of McDonald.

Fuqua brought his suit in 1860 against Dear and Elliott, and obtained a personal judgment against them in 1864, which he never attempted to enforce by execution. Appellant, Jackson, says himself that the note assigned to him by McDonald became due on the 1st of March, 1861, and he never attempted its collection until the fall of 1863, when he petitioned to be made a party to Fuqua's suit against Dear and Elliott, and appellant, Jackson, failed to even get a personal judgment against the latter for his debt.

Unless an assignee of a debt sues to the first court after it becomes due and prosecutes his suit with reasonable diligence, he can not hold his assignor liable on his implied obligation to answer for the non-payment of the debt by reason of the insolvency of the obligor. This court has even gone so far as to decide that if the assigned note is secured by a lien that the assignee must obtain a personal judgment and a return of no property found, as soon as by reasonable diligence it can be done, and that if he postpones his personal judgment or an effort to enforce it, if obtained, until after an enforcement of his lien by a sale of the lien property, his recourse against his assignor can not be enforced by reason of his laches.

In the case of *Chambers v. Keene* this court decided that when an assigned note is secured by a mortgage, in whole or in part, the assignee must pursue his legal remedy with the same diligence as if no such security existed. See 1 Met. 289.

As appellant, Jackson, failed to sue for over two years after his note was due, and as appellant, Fuqua, failed to have execution issued on his personal judgment against Dear and Elliott at all, and as the court sustained the sale of the lots by McDonald to Dear and Elliott, which made them personally liable for appellants' debts, we are of opinion that the gross negligence of appellants interposes an insuperable obstacle to their recovery, and therefore the judgments of the court below are *affirmed.*

*W. N. Sweeney, for appellants.    G. W. Ray, for appellees.*